**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BORIS FITZGERALD BIGHAM,** | ) | |
| **AIS# 173420,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-cv-065-MHT-CWB |
| | ) | [WO] |
| **BRIAN CHERRY, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.    Introduction**

Boris Fitzgerald Bigham, an indigent state inmate at the Loxley Work Release Center, brought this action to assert claims pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Corporal Brian Cherry, Magistrate Phyllis Tyson, the Dothan Police Department, and the Houston County Court. Bigham asserts that he was unlawfully arrested and then prosecuted upon a "barebone" complaint that failed to establish probable cause. (*Id*. at pp. 2-5). Bigham is seeking compensatory and punitive damages for "pain, lose [sic], and suffering during my 14 ½ years of incarceration." (*Id*. at p. 6). Because Bigham has been granted *in forma pauperis* status (*see* Docs. 2 & 4), the Complaint must undergo threshold screening prior to service of process. *See* 28 U.S.C. § 1915A;[1] *see also* 28 U.S.C. § 1915(e)(2)(B). Having now conducted such review, the undersigned Magistrate Judge concludes that the Complaint is due to be dismissed.

---

[1]  Section 1915A provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

1

II.   Discussion

   A.   Claims under § 1983

Bigham complains that Houston County law enforcement officials and judicial officers violated his constitutional rights vis-à-vis his December 2006 arrest—setting into motion a chain of events that led ultimately to his incarceration. (Doc. 1 at pp. 2-6). Because Bigham's claims are being asserted under 42 U.S.C. § 1983, they are subject to a two-year limitations period:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Although state law supplies the limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (emphasis in original).

"[T]he statute of limitations upon a § 1983 claim ... for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. According to the allegations of the Complaint, Bigham was arrested on December 9, 2006 and had formal legal proceedings instituted against him on December 11, 2006. (Doc. 1 at pp. 5-6). The two-year limitations period for Bigham to bring a § 1983 claim based upon an allegedly false arrest thus began to run and expired well prior to the filing of the present action. *See id.* at 289-90 (explaining that an arrestee's period for bringing a claim under § 1983 for false arrest begins to run "when, for example, he is bound over by a magistrate or arraigned on charges"—because at that point any "unlawful detention forms ... the 'entirely distinct' tort of malicious prosecution, which remedies

2

detention accompanied, not by absence of legal process, but by *wrongful institution of legal process*") (emphasis in original); *compare Smith v. Mitchell*, 856 F. App'x 248, 249-50 (11th Cir. 2021) (explaining that § 1983 claims for malicious prosecution require a "favorable termination" of the underlying criminal case). *See also Rozar v. Mills*, 85 F.3d 556, 561-62 (11th Cir. 1996) (explaining that statute of limitations began to run when "the facts which would support a cause of action [were] apparent or should [have been] apparent to a person with a reasonably prudent regard for his rights") (internal quotations and citation omitted) and *Mathis v. Vizcarrondo*, 792 F. App'x 746, 747 (11th Cir. 2019) ("[T]he facts supporting his unlawful arrest action were apparent on February 4, 2013, making that date the latest possible accrual date for the statute of limitations."). Bigham has made no argument for tolling, nor does the record otherwise reflect any basis for tolling. Bigham's § 1983 claims for false arrest therefore are time barred and are due to be dismissed. *See Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (explaining that "[t]he expiration of the statute of limitations warrants dismissing a complaint as frivolous") and *Okpala*, 248 F. App'x at 72.[2]

The undersigned acknowledges that expiration of the limitations period is usually an issue raised by affirmative defense. Nonetheless, when a plaintiff is proceeding *in forma pauperis*, the court may consider affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*,

---

[2] The court considers February 1, 2024 to be the filing date of the Complaint. Although the Complaint was stamped as "filed" on February 7, 2024, a submission from a *pro se* inmate is deemed to have been filed on the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). Here, the undersigned will assume that the Complaint was presented for delivery on the date it was executed by Bigham, *to wit,* February 1, 2024.

892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Clark*, 915 F.2d at 640; *see also Okpala v. Drew*, 248 F. App'x 72 (11th Cir. 2007). Stated differently, "expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Clark*, 915 F.2d at 640 n.2 (citing *See Franklin v. State of Oregon*, 563 F. Supp. 1310, 1330, 1332 (D. Or. 1983)). Dismissal equally would be warranted for failure to state a claim. *See Okpala*, 248 F. App'x at 72 ("Where, as here, an affirmative defense appears on the face of a prisoner's complaint, thereby revealing that the prisoner cannot state a claim, [§ 1915A] continues to require a district court to dismiss the complaint.") (citing *Jones v. Bock,* 549 U.S. 199 (2007)); *see also Moon v. Russell County Jail*, No. 3:20-cv-727-WKW-JTA, 2020 WL 5997120, *1 (M.D. Ala. Sept. 17, 2020) ("When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted.") (citing *Jones*, 549 U.S. at 215).

  **B. Challenge to Conviction and Sentence**

  To the extent Bigham might be seeking to challenge the validity of his resulting conviction or sentence, such claims would go to the fundamental legality of his confinement and find no authority under § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the court held that a § 1983 claim arising from an invalid conviction or sentence is not allowed to proceed "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and that complaints containing such claims must be dismissed. 512 U.S. at 483-489. The court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983," and concluded that Heck's complaint was due to be dismissed because

no such claim could be brought under § 1983. *Id.* at 481. The court expressly rejected the lower court's reasoning that a § 1983 action should be construed as a habeas corpus action. *Id*. at 488-89; *see also Edwards v. Balisok*, 520 U.S. 641, 645 (1997) (holding that the "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus) and *Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005) (stating that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"); *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (holding that *Heck* directs that a state inmate "making a collateral attack on the conviction … may not do that in a civil suit, other than a suit under the habeas corpus statute").

Under the circumstances of this case, *Heck* and its progeny bar Bigham's use of § 1983 to mount a collateral attack on the validity of his state court criminal conviction and sentence. *Heck,* 512 U.S. at 489 (explaining that "[w]e do not engraft an exhaustion requirement upon § 1983, <u>but rather deny the existence of a cause of action</u>. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.") (emphasis added); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) (observing that "*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion"). Consequently, any claims by Bigham that seek to challenge the constitutionality of his state court conviction or sentence are not cognizable under § 1983 and are subject to summary dismissal for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Conclusion

For the reasons set out above, the Magistrate Judge **RECOMMENDS** as follows:

1. that Bigham's pending § 1983 claims based upon his arrest be dismissed with prejudice as time-barred; and

2. that any challenge to the constitutionality of Bigham's conviction or sentence be dismissed without prejudice as failing to state a claim upon which relief can be granted under § 1983.

It is **ORDERED** that any objections to this Recommendation must be filed no later than **May 29, 2024**. An objecting party must identify the specific portion(s) of factual findings/legal conclusions to which objection is made and must describe in detail the basis for each objection. An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 15th day of May 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**