IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
BORIS BIGHAM,                  )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )         1:24cv65-MHT
                               )              (WO)
BRIAN CHERRY, Cpl.,            )
et al.,                        )
                               )
     Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit against a police officer and a magistrate asserting that the officer violated his constitutional rights by arresting him and swearing out a barebones complaint against him without probable cause, and that the magistrate violated his rights by signing the complaint and issuing a warrant without probable cause.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed with prejudice to the extent he asserts claims based on his arrest,

and that, to the extent he brings a challenge to the constitutionality of his conviction or sentence, such challenge should be dismissed without prejudice as failing to state a claim upon which relief can be granted under § 1983.  There are no objections to the recommendation.

After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted, with the following addition.  Though plaintiff did not use these exact words, it appears that, in addition to his claims based on his warrantless arrest, he asserts claims for malicious prosecution against both the officer and the magistrate--that is, claims that his constitutional rights were violated by a seizure pursuant to legal process.  *See Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) ("A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests. ... Malicious prosecution, in contrast,

requires a seizure pursuant to legal process." (Internal quotations and citations omitted.)). To prove a § 1983 malicious prosecution claim, the plaintiff must show, inter alia, that the criminal prosecution against him terminated in his favor. *See Wood v. Kesler*, 323 F.3d 872, 882 (11th Cir. 2003). This the plaintiff has not done. On the contrary, he avers that he is serving a sentence stemming from the challenged violation of his rights. As plaintiff has not shown that the criminal prosecution terminated in his favor, his malicious prosecution claims must be dismissed. That said, "the favorable-termination requirement functions as a rule of accrual, not as a criterion for determining whether a constitutional violation occurred." *Laskar v. Hurd*, 972 F.3d 1278, 1292 (11th Cir. 2020). As there is still a theoretical chance that plaintiff could have his conviction overturned, the court will dismiss his malicious prosecution claims without prejudice.

An appropriate judgment will be entered.

DONE, this the 27th day of June, 2024.

                                    /s/ Myron H. Thompson
                             **UNITED STATES DISTRICT JUDGE**